UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA

IN RE:                                            Case No.: 14-31616
   Alessandro Gino Onorini
   Cindy Ann Onorini

                Debtor(s)                         **Chapter 13**

## CHAPTER 13 PLAN
*DEBTOR'S PLAN OF REPAYMENT; PLAN SUMMARY:
PROPOSED ADEQUATE PROTECTION; and REQUEST FOR VALUATION OF SECURITY*

**NOTICE-ATTENTION: YOUR RIGHTS MAY BE AFFECTED-NOTICE**
This pleading is a Bankruptcy Rule 3015(d) Summary and Notice of a Chapter 13 Plan of Repayment filed by the above captioned debtor(s) (the term debtor herein refers to both single and joint debtors). This four page document is only a summary and a portion of the complete plan. In all instances the complete plan and terms and conditions set forth therein shall be controlling. The complete plan and an Addendum to Chapter 13 Plan-Application And Notice For Attorney Fees wherein an itemized estimate of the time expended and expenses incurred by counsel for debtor may be viewed and printed by logging on to PACER at www.lawb.uscourts.gov. To obtain a password, you may register at http://pacer.psc.uscourts.gov or call the PACER Service Center at 1-800-676-6856. The summary of the contents of the plan filed by debtor is as follows: Debtor's PLAN OF REPAYMENT PURSUANT TO 11 U.S.C. §§ 1321,1322 and 1325; PROPOSED ADEQUATE PROTECTION PURSUANT TO 11.U.S.C. § 361; and debtor's REQUEST FOR VALUATION OF SECURITY; pursuant to 11 U.S.C. § 506 and Bankruptcy Rule 3012:

**This pleading seeks relief under the Bankruptcy Code and complies with and is being noticed pursuant to Bankruptcy Rules 2002, 2016, 3012, 3013, 3015 and 4001. A notice document is being sent with this pleading setting a confirmation hearing on debtor's plan, and an Addendum to Chapter 13 Plan-Application And Notice For Attorney Fees has been filed in the record of this case and may be reviewed by logging onto PACER. This confirmation hearing shall also be the hearing on debtor's request for valuation, See II(B)(6) above, and compensation for debtor's attorney, See II(B)(5) above. Provided no change of circumstances during the term of the plan, the "value", once determined shall be a "res judicata" determination and all parties shall be bound by such valuation**

**Objections to the debtor's plan, proposed valuation or compensation for debtor's counsel must be in writing and must be filed with the court and served on the debtor, debtor's counsel and the trustee at least seven (7) days prior to the date set for the confirmation hearing. Absent any objections, the Court may at such hearing confirm the debtor's plan, determine the value of debtor's property for secured claims purposes, and set the amount of payments to the debtor's counsel and creditors provided for herein. Counsel for debtor reserves the right to request additional fees by fee application for services exceeding any amounts set forth herein.**

**Additional Payments to Trustee:**

**Special Provisions and/or Changes to Section(s) III, IV, or V of the Model Plan:**
**NONE**
**Summary of and/or Reasons for Modification:**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF LOUISIANA**

**IN RE:**
**Alessandro Gino Onorini**
**Cindy Ann Onorini**

**Case No: 14-31616**

Debtor(s)

**Chapter 13**

## PLAN SUMMARY AND NOTICE

### I. SUBMISSIONS OF EARNINGS OR FUTURE INCOME

**(A)** Debtor shall make monthly payments to the Chapter 13 Trustee in the amount of **$1,100.00** over an estimated term of **60** months, with the first payment being due on **October 2, 2014**, and payments due on the same day of each successive month thereafter until all payments have been made or until all proposed disbursements have been made, whichever occurs earlier. The payments will be made by:

☒ **Direct Payment from the debtor; or**
☐ **Payroll Deduction and the debtor has provided the Trustee all documentation required to institute Payroll Deduction.**

This is an **Above Median** case pursuant to the B22C calculation. The debtor **is** married and there are **3** persons in the debtor's household.

**(B)** ADDITIONAL SUMS DEBTOR SHALL REMIT TO THE CHAPTER 13 TRUSTEE: Place an "X" on the one that applies)
☒ NONE
☐ 50% of the net recovery from all personal injury and litigious claims

### II. CLASSIFICATION OF CLAIMS/PAYMENT/PRIORITY/RANKING:

**(A) CREDITORS TO BE PAID DIRECTLY BY DEBTOR OR SATISFIED BY SURRENDER OF PROPERTY:**

**(1) HOME MORTGAGE(S):**

| Creditor | Collateral | Estimated Monthly Payment | To be paid beginning |
|---|---|---|---|
| Carrington Mortgage Svcs | Manufacured house & 5 acres land (rental property) Location: 8321 Deer Run Drive, Lake Wales, FL 33898 | $1,131.75 | September, 2014 |

**(2) OTHER DIRECT PAYMENT(S) MADE BY THE DEBTOR(S) (including executory contracts):**

| Creditor | Nature of Debt | Estimated Monthly Payment & Term | To be paid beginning |
|---|---|---|---|
| -NONE- | | | |

**(3) DIRECT PAYMENTS MADE BY A THIRD PARTY**

| Creditor | Name of 3rd Party, Relationship of 3rd Party to Debtor & Collateral, if any | Estimated Monthly Payment | To be paid beginning |
|---|---|---|---|
| -NONE- | | | |
| | | $0.00 | |

**(4) SECURED CLAIMS SATISFIED BY SURRENDER OF PROPERTY SECURING THE CLAIM:**

| Creditor | Collateral |
|---|---|
| -NONE- | |

**(B) TRUSTEE DISBURSEMENTS AND CLASSIFICATION/RANKING:** Except as modified by (II)(B)(5) the Chapter 13 Trustee will pay the following claims in the order of their rank set forth herein until the proceeds are exhausted:

**(1) TRUSTEES FEE:** The Trustee shall withhold from all disbursements made (except those to debtor) up to 10%.

**(2) UNPAID FILING FEES: $0.00**

**(3) ADEQUATE PROTECTION PAYMENTS PER 11 U.S.C. §361. See (III)(C)(1):**

| Creditor | Collateral | Monthly A.P. Payment |
|---|---|---|
| Marion State Bank | 2008 Dodge 2500, 2004 Toyota Tacoma | $223.00 |
| Synchrony Bank/Yamaha | 2013 Pontoon boat | $185.00 |

**(4) EXECUTORY CONTRACTS**

| Creditor | Payment |
|---|---|
| -NONE- | |

**(5) ALLOWED ADMINISTRATIVE EXPENSE CLAIMS UNDER 11 U.S.C.§503(b):**
   **(a) Debtor's Attorney Fees:** Counsel for debtor has applied for legal fees for services rendered through confirmation under 11U.S.C. §330 and § 331 in the amount of **$2,800.00** of which **$2,800.00** shall be trustee disbursed. <u>This is the applicable "No Look Fee" unless counsel for the debtor has elected to file and notice an Application for Compensation pursuant to 11USC 330,</u> pursuant to the March 5, 2010 Order Regarding Compensation in Chapter 13 Cases.

   **(b) Other Administrative Expenses** <u>shall only be paid pursuant to court order after notice and hearing.</u>

**(6) SECURED CLAIMS(S):**
   **(a) Secured by Real Estate:**
      **(i) Payments or Other Treatment under §§ 1322(b)(5) and 1325(a)(5)** (*See*(III)(B)(2))*:*

| Creditor | Collateral | Mortgage Payment | # of Payments | To be paid beginning | Total Payment |
|---|---|---|---|---|---|
| -NONE- | | | | | |

   **(ii) Cure for Administrative Delay Payments under §1322(b)(3):**

| Creditor | Collateral | Mortgage Payment Amount | Specified Months for Delay | Monthly Payment, Rate Term | Total Payment |
|---|---|---|---|---|---|
| -NONE- | | | | | |

   **(iii) Cure of Defaults under §1322(b)(3):**

| Creditor | Collateral | Arrears | Monthly Payment, Rate Term | Est. Total Payment |
|---|---|---|---|---|
| -NONE- | | | | |

   **(b) Secured by Movable Property:**
      **(i) Secured Creditors-11 U.S.C. §506 Not Applicable:**

| Creditor | Collateral | PMSI Amount | Rate, & Estimated Average Monthly Payment | Est. Total Payment (P & I) |
|---|---|---|---|---|
| Marion State Bank | 2008 Dodge 2500, 2004 Toyota Tacoma | $26,801.00 | 5 $505.77 | $30,346.07 |
| Synchrony Bank/Yamaha | 2013 Pontoon boat | $22,266.00 | 5 $420.19 | $25,211.16 |
| | | | $925.96 | |

   **(ii) Secured Creditors - U.S.C. §506 Is Applicable:**

| Creditor | Collateral | Value/Claim Amount | Rate, & Estimated Average Monthly Payment | Est. Total Payment (P & I) |
|---|---|---|---|---|
| -NONE- | | | | |
| | | | | $0.00 |

**(7) DOMESTIC SUPPORT OBLIGATION (DSO) ARREARS:**

| DSO Obligation Holder and/or Assignee | Nature of Claim | Total Claim |
|---|---|---|
| -NONE- | | |

**(8) ALL OTHER UNSECURED PRIORITY CLAIMS INCLUDING TAX CLAIMS:**

| Creditor | Nature of Claim | Total Claim |
|---|---|---|
| -NONE- | | |
| | | $0.00 |

**(9) SPECIAL, CO-SIGNED AND/OR NONDISCHARGEABLE CLAIMS NOT PROVIDED FOR IN SECTION II(B)(10):**

| Creditor | Nature of Debt | Amount to be Paid | Rate, & Est. Average Monthly Payment | Total Payment (P & I) |
|---|---|---|---|---|
| -NONE- | | | | |

**(10) NON-PRIORITY GENERAL UNSECURED CLAIMS:** After claims provided for in section II(B)(9) are paid in full as set forth above, all other allowed general non-priority unsecured claims will be paid a total of approximately **$1,042.77** to be distributed *pro rata*. Based upon the scheduled unsecured claims in the amount of **$35,637.97** it is estimated unsecured claims will be paid approximately **3.00%** of their respective claims, however the amount paid on any one claim may vary depending on the actual filed and allowed claims.

**PLAN & PLAN SUMMARY DATE**
 August 30, 2014

**Sam Henry IV Attorney at Law**
**/s/ Sam Henry IV**
**Sam Henry IV**
**Sam Henry IV Attorney at Law**
**502 Trenton Street**
**West Monroe, LA 71291**
**318-322-7655**
**sam@samhenry4.com**

Date **August 30, 2014**     Signature **/s/ Alessandro Gino Onorini**
**Alessandro Gino Onorini**
Debtor

Date **August 30, 2014**     Signature **/s/ Cindy Ann Onorini**
**Cindy Ann Onorini**
Debtor

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

## III. GENERAL PLAN PROVISIONS

### (A) ALL SECURED CLAIMS

**NOTICE:** Objection to secured claims *(See - Section V)*. Any opposition or response to the bifurcation of the claim as set forth herein must be filed within seven (7) days prior to the hearing on this objection and confirmation hearing. If an opposition or response is timely filed, a hearing will be held on the objection to the claim at the same time, date, and place as the confirmation hearing on this Plan.

**(1) PLAN VALUATION IS AN OBJECTION TO CLAIM**

To the extent that this plan values collateral less than the full amount due to the secured creditor, this plan includes an objection to said claim for the purpose of determining the amount of the allowed secured claim and determining the remaining allowed unsecured claim. *See Section (V), infra*.

**(2) BIFURCATION OF CLAIMS FILED AS "SECURED"**

To the extent that there exists an allowed unsecured portion of a claim otherwise filed as secured, such unsecured amount shall be treated as a non-priority unsecured claim and paid pro rata with other non-priority unsecured claims.

**(3) CERTAIN CREDITORS TO BE PAID EVEN IF NO APPEARANCE MADE**

Unless otherwise specified or ordered by the court, any claim listed as secured in an amount greater that $3,500.00 shall be paid by the Trustee according to the terms of this plan without the necessity of such creditor filing a proof of claim, objection, or otherwise making an appearance before the court; provided adequate information to make the distribution has been provided to the Trustee. Unless otherwise specified or ordered by the court, the Trustee: (i) will not disburse to any secured creditor with a claim in the amount of $3,500.00 or less unless a claim is filed; and (ii) will not disburse to any unsecured priority claim creditors or general unsecured creditors pursuant to the terms of this plan unless a claim is filed.

**(4) ALLOWED SECURED CREDITORS RETAIN RIGHTS**

All regular monthly home mortgage payments will be paid either by the Trustee or directly by the debtor. Unless otherwise stated, these payments will only maintain the home mortgage payments during the term of the plan and the obligation and security on the same will survive the bankruptcy, subject to any payments made. Any creditor secured only by a security interest in real property that is the debtor's principal residence shall retain all rights granted to it under its mortgage or security agreement except that any prior default shall be cured as set forth in this plan. Additionally, the holder of an allowed secured claim (other than a home mortgage claim) shall retain the lien securing its claim until the earlier of payment of the underlying debt determined under nonbankruptcy law or discharge under 11 U.S.C. §1328.

### (B) CLAIMS SECURED BY DEBTOR'S HOME

**(1) STATED MONTHLY PAYMENT & PRE-PETITION ARREARAGE IS ESTIMATED**

Any monthly payment or arrearage amount provided for in (II)(B)(6)(a)(I), (ii), or (iii) is debtor's best estimate of what was owed as of the date the petition was filed. The actual monthly mortgage payment and allowed pre-petition arrearage shall be determined by the claims filed or Court rulings at confirmation or on objections thereto and shall be paid by the Trustee over the plan term.

**(2) TIMING OF TRUSTEE DISTRIBUTED HOME MORTGAGE PAYMENTS – ADMINISTRATIVE DELAY PAYMENTS**

If this plan provides that the Trustee is to be the disbursing agent on debtor's home mortgage, the Trustee shall pay all payments due during the term of the plan as set forth in (II)(B)(6)(a) above, including any allowed post-petition charges incurred during the term of the plan. This plan may provide that certain monthly payments that come due on home mortgages are included as an "administrative

delay payments." The total number of all payments made by the Trustee for future monthly mortgage payments (including any administrative delay payments) shall at least be equal to the term of the Plan; however in some cases an additional month will be included.

**(3) NOTICE OF PAYMENT CHANGE/ADJUSTMENT OF PAYMENT AMOUNT**
During the term of the plan, the home mortgage creditor and/or mortgage holder and/or servicing entity ("Mortgage Creditor") shall comply with Bankruptcy Rule 3002.1 pertaining to notice of monthly payment changes.

If the Trustee disburses the Home Mortgage Payments, then upon receipt of a notice pursuant to Bankruptcy Rule 3002.1, the Trustee shall send a letter to the debtor and the debtor's counsel indicating that he is either going to make the adjusted payment or cannot make the adjusted payment because of insufficient funding of the plan. If the debtor does not agree with the adjustments to the home mortgage payments proposed by the home mortgage creditor, it shall be the duty of the debtor to take prompt action to contest the payment of the "adjusted home mortgage payment" by the Trustee, including, but not limited to, seeking by contradictory motion filed with the Bankruptcy Court a judicial determination of whether or not the "adjusted home mortgage payment" is warranted. Failure of the debtor to take any timely action to stop the disbursement by the Trustee of the "adjusted home mortgage payment" shall constitute a waiver by the debtor of any action against the Trustee for the disbursement of payments that may ultimately be found or determined to be incorrect or excessive. Disbursements of the "adjusted home mortgage payments" are subject to refund/disgorgement by the home mortgage creditor upon ruling by the Court. If the disbursement of an "adjusted home mortgage payment" causes the plan to fail to meet the minimum standards for confirmation described in § 1325 and the debtor has failed to modify the plan within thirty (30) days of the new payment date, then the Trustee or the debtor may seek a modification of the plan pursuant to § 1329, or file a motion to dismiss or convert the case.

**(4) NOTICE OF FEES, EXPENSES AND CHARGES**
The home Mortgage Creditor shall comply with Bankruptcy Rule 3002.1 regarding notice of post petition fees, expenses and charges.

**(5) NOTICE OF FINAL CURE PAYMENT**
**The Trustee and Mortgage Creditor, if/as applicable, shall comply with Bankruptcy Rule 3002.1 regarding the Notice of Final Cure Payment and the response thereto.**

**(C) MISCELLANEOUS OTHER PROVISIONS**
  **(1) ADEQUATE PROTECTION PAYMENTS AND INSURANCE**
   Beginning as soon as practicable upon the filing of a secured claim for a creditor identified in paragraph (II)(B)(3), the Trustee shall make adequate protection payments which will usually equal 50% of the average monthly payment calculated by amortizing the amount to be paid to the creditor over the entire term of the plan. After payment of the adequate protection payments set forth herein, the Trustee shall pay in full the balance of the allowed secured claim as recognized herein, in equal monthly installments. Nothing herein shall prohibit the Trustee form disbursing amounts in addition to the equal monthly installments from surplus funds. Additionally, the debtor shall maintain full coverage insurance against all loss on the property or properties that the lien or mortgage attaches to, and the lien holder or mortgagee shall be shown as the loss payee to receive payment in the event of loss; however, if the collateral securing the obligation is a vehicle or other personal property with a value of less than $3,500.00 or the underlying security agreement does not require the maintenance of insurance, the debtor shall not be required to maintain full coverage insurance against all losses on the property, unless otherwise ordered to do so.

**(2) LIQUIDATION VALUE TO BE PAID**

The value as of the effective date of this plan of the property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claims if the estate of the debtor was liquidated under Chapter 7 on such date. Personal injury claims or other litigious rights which are not exempt and which exist at the time the case is commenced are 11 U.S.C. §541 property of the bankruptcy estate and must be considered for liquidation value purposes. Non-exempt pre-petition personal injury claims or other litigious rights such claims or rights may not be pursued or settled without approval of the United States Bankruptcy Court presiding over this case; and actions to the contrary may constitute grounds for prejudicial dismissal of the case, conversion of the case to a Chapter 7 and/or possible criminal prosecution.

**3) NO LATE CHARGES, ETC. WITHOUT COURT APPROVAL**

Except as provided for in Section III(B)(5), no late charges, service charges, or penalties may be charged or collected by creditors from the date of the petition on pre-petition debt without approval of the court after notice and hearing.

**(4) SPECIAL PROVISIONS FOR TAX AND/OR PRIORITY CLAIMANTS**

If priority tax claims are filed that exceed the estimated amount set forth in (II)(B)(8), Debtor will file an objection to such claim(s) and/or modify the plan to pay the claim(s) as filed. Nevertheless, any proof of claim asserting a priority tax claim shall be deemed allowed and paid by the Trustee in the rank and order as set forth in the plan unless and until a successful objection to the claim has been filed. If the Trustee determines that the plan is not adequately funded because of the amount of a priority claim, the Trustee shall notify debtor and debtor's counsel and debtor shall either modify the plan accordingly and/or object to the claim.

**(5) OBJECTION(S) TO PROOF(S) OF CLAIM**

Confirmation of this plan does not bar the debtor or any party in interest from objecting to a claim whether filed or not filed in accordance with Federal Bankruptcy Rules 3001 or 3002.

**(6) RANKING OF DISTRIBUTION IN CASE OF A SHORTFALL**

In the event that full plan payments are timely made, debtor's plan is funded to allow the Trustee to disburse administrative expenses concurrently with adequate protectionpayments and ongoing mortgage payments. In the event that the Trustee does not have sufficient funds on hand to pay the monthly administrative expenses set forth in Section (II)(B)(5) and the monthly adequate protection payments provided for in (II)(B)(3), then the following shall apply:After payment of the claims provided for in(II)(B)(1) and (2), any funds remaining on hand shall be disbursed with one-half (1/2) of the funds available for disbursement being disbursed to the Section (II)(B)(5) administrative claim holders and the other one-half (1/2) of the funds available being disbursed to the Section (II)(B)(3) claims holders *pro rata* based on the monthly amount(s) contained in Section (II)(B)(3).

**(7) EFFECT ON PAYMENTS AND LIFTING OF THE STAY WHEN A PLAN PROPOSES SURRENDER OF COLLATERAL PURSUANT TO 11 U.S.C. §1325(a)(5)(C)**

To the extent that this plan proposes surrender of collateral, upon confirmation of the plan, debtor agrees that the § 362 automatic stay be lifted as to these items, to allow any creditor holding a security interest in the items to pursue its rights to the collateral. Unless otherwise provided herein, any surrender shall be deemed in full satisfaction of the entire claim, including any secured or unsecured portion. Nothing herein is intended to abrogate debtor's or creditor's state law contract rights. If a creditor prevails in maintaining the right for an unsecured deficiency claim, nothing herein shall release any creditor from complying with all applicable state and federal laws.

The Trustee may cease making disbursements to any secured creditor(s) that is secured by real or personal property that is §541 property of the estate after:

(a) An order lifting the 11 U.S.C. §362(a) Automatic Stay on behalf of any recognized lien holder as to said property is entered and becomes final, or

(b) Debtor files a modified plan that proposes to "surrender" pursuant to 11 U.S.C. §1325(a)(5)(C) such property to a creditor that has a security interest in same.

The Trustee shall cease making disbursements to any secured creditor(s) to any secured creditor(s) that is secured by real or personal property that is §541 property of the estate after:

(a) Receipt of a final, non-appealable order directing the Trustee to cease making payments to such a creditor; or
(b) A modified plan that proposes to "surrender" pursuant to 11 U.S.C. §1325(a)(5)(C) such property to a creditor that has a security interest in same has been confirmed

The creditor may be entitled to continue receiving disbursements on previously provided for unsecured claims unless a proposed "surrender" modification is filed that would fully satisfy all creditor claims. If a "surrender" plan is filed and ultimately confirmed that allows for a deficiency claim for the creditor, provided the property is liquidated in a manner which would otherwise allow the creditor to pursue against the debtor a deficiency claim absent a bankruptcy, an itemized proof of claim for any deficiency must be filed within one hundred twenty (120) days after the confirmation of the plan that proposed such "surrender" for the creditor to be allowed to participate in disbursements from the Trustee or debtor. *See (III)(A)(5).*

**(8) RESERVATION AND RETENTION OF PRE & POST-PETITION CLAIMS**
Confirmation of this plan shall constitute a finding that the debtor does not waive, release or discharge but rather retains and reserves for himself and the Chapter 13 Trustee any and all pre-petition claims and any and all post-petition claims that they could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statute or under state or federal law including but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, retail installment sales act violations, Truth in Lending violations, Home Equity Protection Act violations, Real Estate Settlement Protection Act violations, Fair Debt Collection Practices Act violations, Fair Credit Reporting Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer Leasing Act violations, Federal Garnishment Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of rights or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the Local Rules of this Court.

**(9) VESTING OF PROPERTY OF THE ESTATE AND AT CONFIRMATION**
Except as otherwise provided in this Plan, the confirmation of this plan vests all property of estate in the debtor.

## IV. REQUEST OF DEBTOR'S COUNSEL FOR COMPENSATION PURSUANT TO 11 U.S.C.§§ 330 & 331

This pleading constitutes, in part, an application by debtor's counsel for compensation as allowed and required in 11 U.S.C.§§ 330 & §331, and Bankruptcy Rules 2002 and 2016.

## V. DEBTOR'S REQUEST & MOTION FOR VALUATION OF SECURITY PURSUANT TO 11 U.S.C. §506

Under 11 U.S.C. §506(a) claims are secured claims to the extent of the value of the creditor's interest in the estate's interest in property, and such value shall be determined in light of the proposed disposition or use of such property. Under 11 U.S.C. § 1325(a)(5)(b)(ii) distributions on secured claims are

determined "as of the effective date of the plan". Under Bankruptcy Rule 3012 the court may determine the value of a secured claim by motion of any party in interest and after a hearing on notice to the holder of the secured claim. The debtor's plan sets forth values for the creditor's interest in the estate's/debtor's interest in specific properties. The debtor requests this Court value the collateral of each of the creditors at the collateral value stated in part (II)(B)(6)(b)(2) of the debtor's plan of repayment. To the extent that the amount of the debt of any such creditor exceeds the stated collateral value, the debtor requests this Court order the difference be treated in the chapter 13 plan as an unsecured claim without priority. The debtor further requests the Court order the lien of each creditor listed be satisfied upon payment of the collateral value and the issuance of the debtor's discharge.

DATED:   September 3, 2014                              Sam Henry IV
                                                        502 Trenton Street
                                                        West Monroe, LA 71291

                                                        By:   /s/ Sam Henry IV